NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0351n.06

No. 19-3826

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jun 15, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| HUGO ALTUNAR-JIMENEZ, | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GIBBONS, LARSEN, and NALBANDIAN, Circuit Judges.

LARSEN, Circuit Judge. Hugo Altunar-Jimenez pleaded guilty to conspiracy to possess fentanyl and heroin with intent to distribute and was sentenced to 135 months' imprisonment. He challenges the substantive reasonableness of his sentence and the effectiveness of his counsel. Because the former challenge is barred by a plea waiver and the latter is best raised in a post-conviction proceeding, we DISMISS the appeal.

I.

A grand jury indicted Altunar-Jimenez on one count of conspiracy to possess heroin and fentanyl with intent to distribute and one count of possession of fentanyl with intent to distribute. He pleaded guilty to the first count pursuant to a plea agreement, and the United States dismissed the second.

The presentence report calculated the Guidelines range at 135 to 168 months after including a two-level enhancement under U.S.S.G. § 3B1.1(c) for Altunar-Jimenez's role as a manager or

supervisor in the conspiracy. Altunar-Jimenez objected to the two-level enhancement and argued that he should instead receive a 108-month sentence, which was at the bottom of the Guidelines range when calculated without the enhancement. The district court disagreed with Altunar-Jimenez, calculated the Guidelines range at 135 to 168 months, and sentenced him to 135 months' imprisonment followed by 4 years of supervised release.

After the court imposed the sentence, Altunar-Jimenez indicated that he wanted to appeal. He explained: "[M]y attorney told me [my sentence] would be 108 months, and I was now given 135 months. That's what he had promised." The court explained that Altunar-Jimenez's attorney had forcefully argued for a lower Guidelines range and a 108-month sentence, but that the court ultimately disagreed. The court then explained that, in any event, "[a] defense attorney can't promise what the [court] will do." Altunar-Jimenez appealed.

II.

*Substantive Reasonableness.* Altunar-Jimenez challenges the substantive reasonableness of his sentence. But the government rightly asserts that Altunar-Jimenez waived his right to raise this challenge as part of his plea agreement.

A defendant may waive his "right to appeal as part of a plea agreement so long as the waiver is made knowingly and voluntarily." *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012) (quoting *United States v. Swanberg*, 370 F.3d 622, 625 (6th Cir. 2004)). Altunar-Jimenez's plea agreement explicitly waives "the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum." Altunar-Jimenez does not argue that his plea was unknowing or involuntary, nor does he raise any other challenge to the waiver. *See United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015). The plea waiver thus precludes a substantive-reasonableness challenge to the sentence.

*Ineffective Assistance of Counsel*.  Altunar-Jimenez also challenges the effectiveness of his counsel on the ground that his attorney promised he would receive a 108-month sentence.  The plea waiver permits Altunar-Jimenez to pursue an ineffective assistance of counsel claim.  But such claims are more properly raised in post-conviction proceedings where the record may be fully developed.  *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006).  Here, the ineffective assistance claim is based on an alleged promise made to Altunar-Jimenez by his counsel.  Altunar-Jimenez first alerted the court to this alleged promise at the close of the sentencing proceeding; the record regarding this claim is otherwise completely undeveloped.  Lacking a factual record, we decline to consider the ineffective assistance of counsel claim on direct appeal.

* * *

We DISMISS the appeal.